# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 30, 2021

162125-6

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

CHRISTOPHER WAYNE STOKES,
     Defendant-Appellant.

SC:  162125-6
COA:  348471; 348472
Wayne CC:  13-007518-FC;
     13-007545-FC

_____/

On order of the Court, the application for leave to appeal the August 20, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

McCORMACK, C.J. (*concurring*).

I concur in the order denying leave to appeal.  It is not clear to me that the defendant is correct to argue that this case implicates the prohibition on using acquitted conduct to increase a defendant's sentence from our decision in *People v Beck*, 504 Mich 605 (2019).  Nowhere in its summary of the defendant's presentence investigation reports (PSIRs) did the trial court refer to acquitted conduct.  After reviewing the defendant's juvenile and criminal history, the court stated, "I do not see anything—I've not seen anything in this new report, from what I've heard today that would cause me to change my sentences."  Thus, the court made clear that nothing in the new PSIRs persuaded it to deviate from its original sentences, suggesting that it did not rely on the acquitted conduct.  I agree with the Court of Appeals that finding a *Beck* violation here would rest on speculation, not evidence in the record.

Another reason to doubt *Beck*'s applicability is that the trial court didn't *increase* the defendant's sentences at all; in fact, despite the references in the PSIRs to the acquitted conduct, the court declined to increase the sentences and instead imposed the same sentences it had originally.  Thus, the trial court did not punish the defendant more severely

by finding by a preponderance of the evidence that he committed the acquitted offenses and sentencing him accordingly.[1]

And the defendant did not preserve these arguments in the trial court, so our review is limited to plain error. Since *Beck* does not plainly apply, the defendant cannot prevail. For all these reasons, I do not believe this case presents a good vehicle for considering the parameters of the *Beck* rule. But I would clarify the *Beck* rule in an appropriate case. I am not convinced that the Court of Appeals' observations about the limits of the *Beck* rule are correct: The panel cited *People v Roberts (On Remand)*, 331 Mich App 680, 691 (2020), rev'd *People v Roberts*, 506 Mich ___; 949 NW2d 455 (2020),[2] for the proposition that sentencing courts do not violate *Beck* by "considering the entire *res gestae* of an acquitted offense . . . ." *People v Stokes*, ___ Mich App ___, ___ (2020); slip op at 4. And it held that "a sentencing court may review a PSIR containing information on acquitted conduct without violating *Beck* so long as the court does not rely on the acquitted conduct when sentencing the defendant." *Id*.

I am not confident that either statement is correct or consistent with our caselaw. The line between a trial court "considering" aspects of an acquitted offense and relying on acquitted conduct is a fine one, and may be an entirely artificial or nonexistent one. And the panel's holding that a PSIR may contain acquitted conduct as long as the sentencing court doesn't rely on it is in tension with our holding that "[a] judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233-234 (1997).

Cases such as this one and *Roberts* make plain that the Court of Appeals is struggling with the boundaries of our holding in *Beck*. I look forward to clarifying the law

---

[1] In *Beck*, despite the jury's acquittal on a murder charge, the court expressly stated on the record that it had concluded by a preponderance of the evidence that the defendant committed the murder. The court used that finding as a basis to depart upward from the applicable guidelines range for being a felon in possession of a firearm, the convicted offense (22 to 76 months), and impose a 240- to 400-month sentence.

[2] In *Roberts*, the jury acquitted the defendant of assault with intent to murder, meaning the jury had not determined beyond a reasonable doubt that the defendant had "passed a gun to another individual, who it is undisputed then fired the gun into a crowd on a city street." *Roberts*, 506 Mich at ___; 949 NW2d at 455. We reversed the Court of Appeals judgment, holding that the trial court improperly relied on acquitted conduct when it "assigned 25 points to Offense Variable 9, MCL 777.39(1)(b), for endangering the crowd, and when it departed upward from the recommended guidelines range in order to deter gun violence on the city's streets . . . ." *Id.*

in this area when the right case comes along.  This isn't it.  For these reasons, I concur with the Court's order denying leave to appeal.

WELCH, J., joins the statement of MCCORMACK, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 30, 2021



Clerk

b0427